| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM M. HANKINS, a single person,<br><br>Plaintiff,<br><br>v.<br><br>US ROF II LEGAL TITLE TRUST 2015-1, by US BANK NATIONAL ASSOCIATION, as Legal Trustee; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation,<br><br>Defendant. | CASE NO. C18-5896RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendants' Motions to Dismiss. [Dkt. # 14 and 16]. The Court has reviewed the briefing, and the file in *Hankins v. US ROF Legal Title Trust 2015-1, by US Bank National Association, et al*, 17-5142-RBL, which was dismissed with prejudice on August 31, 2017. The claims and allegations in this 2018 action all emanate from the same foreclosure on the same property as did the 2017 case. The theories espoused are the same. For that reason, the claims are barred by *res judicata*.

# I. FACTUAL AND PROCEDURAL HISTORY

Hankins purchased the subject property at the center of this lawsuit in March 2016. She used two loans, each secured by a deed of trust on the property. This litigation [again] concerns her senior obligation, the DOT Hankins used to secure her obligation to repay a $212,000.00 Promissory Note. The property is commonly known as 50 W HONEYSUCKLE LANE SHELTON, WA 98584. The DOT was recorded April 4, 2006 under Mason County Auditor's Office recording number 1864400. Hankins defaulted and the note holder (US ROF II Legal Title Trust 2015-1 by US Bank National Association, as Legal Trustee) initiated a non-judicial foreclosure on the property.

Hankins sued in Mason County, seeking Declaratory Judgment and Quiet Title. The defendants removed the case here. *See* Cause No. 17-5142-RBL. On May 9, 2017 this Court granted the motion [Dkt. #15], but permitted Hankins 21 days to file an Amended Complaint. She did so on May 28, 2017 [Dkt. #16]. The defendants promptly renewed their motions to [Dkts. 17 and 18]. On August 22, 2017 and August 31, 2017 the Court, in separate orders, granted Defendants' Motions to Dismiss, with prejudice and without leave to again amend. [Dkts. 23 and 24].

On December 20, 2017, ROF TRUST appointed Quality Loan Service Corp. of Washington as Successor Trustee under Hankins' DOT. The Appointment of Successor Trustee was recorded December 26, 2017 under MASON County Auditor's Office recording number 2085933. On April 27, 2018 following the process required under Washington Law, Quality noticed a Trustee's Sale to be held September 7, 2018. The Notice of Trustee's Sale was recorded April 30, 2018, under MASON County Auditor's Office recording number 2091687. The Trustee's Sale was held as scheduled on September 7, 2018. The Trustee's Deed upon Sale

was subsequently recorded September 14, 2018, under MASON County Auditor's Office recording number 2099221.

Hankins failed to enjoin the Trustee's Sale and as a result has waived her ability to challenge the validity or finality of the foreclosure sale or a subsequent transfer of the property. See RCW 61.24.127.

Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. Cal. 2001). Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. Cal. 2001).

Collateral estoppel, or issue preclusion, bars the re-litigation of issues actually adjudicated in previous litigation between the same parties. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. Cal. 1992). To foreclose relitigation of an issue under collateral estoppel, (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. Cal. 1992).

Here, Hannkins' wrongful foreclosure claims are barred by claim preclusion because she previously asserted the same claims against the prior loan servicers for the same conduct, and her claims were dismissed with prejudice. The only factual difference between the cases is that Quality issued a new Notice of Sale following the prior litigation; however, the foreclosure processed by Quality was issued with the same authority as the prior foreclosure which was

subject of the previous litigation. The dismissal of ROF TRUST from the prior case is a final judgment. Additionally, the issues raised in this case—whether ROF TRUST had authority to foreclose, and whether the effort to foreclose on the security was time barred—were the same issues raised and adjudicated in the prior case. Thus, re-litigation of those issues is also barred under the doctrine of issue preclusion.

The Motions to Dismiss are **GRANTED.** Hankins' claims are **DISMISSED,** with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2019.

Ronald B. Leighton
United States District Judge